UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAIICHI SANKYO COMPANY, LIMITED and DAIICHI SANKYO, INC., <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC., MYLAN LABORATORIES INC., MATRIX LABORATORIES, LTD., and MYLAN, INC. <br><br> Defendants and Counterclaim Plaintiffs. | Civ. Nos. 06-3462, 07-3039, and 08-2752 <br><br> FINAL JUDGMENT <br><br> HON. WILLIAM J. MARTINI |

**THIS MATTER** having come before the Court for a trial on the merits of all remaining issues in the case, namely, to resolve the question of whether Claim 13 of United States Patent No. 5,616,599 ("the '599 patent") is invalid by reason of obviousness; and the Court having heard the testimony of expert witnesses and having considered the documentary evidence and depositions submitted by the parties; and having reviewed the pretrial and post-trial briefs of the parties; and for good cause appearing,

**IT IS** this 5th day of August, 2009 hereby,

**ORDERED AND ADJUDGED,** for the reasons set forth in the Court's Opinion dated July 30, 2009, that Final Judgment shall be and the same is hereby entered in favor

1

of Plaintiffs Daiichi Sankyo Company, Limited and Daiichi Sankyo, Inc. (collectively "Daiichi Sankyo") and against Defendants Mylan Pharmaceuticals Inc. (formerly Mylan Laboratories Inc.), Matrix Laboratories, Ltd., and Mylan, Inc. (collectively "Mylan"), finding that Claim 13 of the '599 patent is valid and not obvious; and it is further

**ORDERED AND ADJUDGED** that in light of Mylan's stipulation of infringement, Final Judgment is hereby entered in favor of Daiichi Sankyo and against Mylan, finding that Mylan has infringed the '599 patent; and it is further

**ORDERED AND ADJUDGED** that Final Judgment is hereby entered in favor of Daiichi Sankyo and against Mylan on all counterclaims alleging, and seeking declarations of non-infringment and invalidity of the '599 patent, and all of such counterclaims are hereby dismissed with prejudice; and it is further,

**ORDERED** that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval by the United States Food and Drug Administration of Mylan's Abbreviated New Drug Applications ("ANDA") Nos. 78-276, 78-827, and 90-398 shall be a date which is not earlier than the expiration date of the '599 patent, including all extensions thereof; and it is further

**ORDERED** that, pursuant to 35 U.S.C. § 271(e)(4)(B), Mylan, its officers, agents, servants and employees, and those persons in active concert or participation with any of them, are enjoined, until the expiration date of the '599 patent, including all extensions thereof, from engaging in the commercial manufacture, use, offer for sale, or sale within

the United States, or importation into the United States, of the products which are subject of ANDA Nos. 78-276, 78-827, and 90-398; and it is further,

**ORDERED** that, in the event Mylan appeals from this Final Judgment, any motion for attorneys fees and/or costs under Fed. R. Civ. P. 54(d) and L. Civ. R. 54.1-54.2, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely filed if filed and served within thirty (30) days after final disposition of any such appeal; and it is further

**ORDERED** that, in the event Mylan does not appeal from this Final Judgment, any motion for attorneys fees and/or costs under Fed. R. Civ. P. 54(d) and L. Civ. R. 54.1-54.2, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely filed if filed and served within thirty (30) days after the expiration of the time for filing a notice of appeal under Fed. R. App. P. 3 and 4.

William J. Martini, U.S.D.J.